## STATEMENT OF FACTS

CW1 and CW2 are employees of District Tree and Landscape Service (District Tree) located at 1220 Mt. Olivet Road, N.E., Washington, D.C. CW2 is the manager of the business which is comprised of a warehouse that has an office, a garage and a fenced in parking lot.

On June, 4, 2020, at approximately 3:00 p.m., CW1 had finished his shift at District Tree and drove to a convenience store directly across the street. An individual later identified as the defendant Timothy Heard was standing outside the store when CW1 got out of his car and the defendant asked him if he liked his car. CW1 did not respond to the defendant and walked into the store. When CW1 walked back out of the store the defendant said, "This is my car, give me the keys". CW1 saw that the defendant had two guns in the waist band of his pants. CW1 did not get back into his car and immediately ran across the street to District Tree. CW1 ran past CW2 and another employee who were standing in the lot and said something about his car and a guy with guns and told them to call the police. The defendant came across the street toward the parking lot where CW2 and the other employee told him that it was private property and he could not enter. The defendant then turned and walked back to the convenience store. Shortly thereafter, the defendant came back to the District Tree lot and CW2 again told him that he could not enter the lot at which point the defendant walked back to the convenience store. CW2 then walked into her office to call the police when CW1 and the other employee ran into the office and locked the office door and the garage door to the building. Shortly thereafter, the defendant kicked in the garage door holding two semi-automatic pistols in his hand. When the defendant entered the office CW1 and the other employee ran out the front door. The defendant told CW2 that she could not leave and made her to sit in a chair in the office. The defendant also told CW2 that he would not hurt her.

Officers with the Metropolitan Police Department arrived at District Tree in response to a radio assignment for a man with a gun. The officers surrounded the building and a negotiator spoke with the defendant. The defendant told the officers that he would let CW2 go if the officers backed off. When the Emergency Response Team arrived the defendant took both of his firearms and put them in a "Man purse" that he had with him. He put the purse containing the firearms into a file cabinet in the office. He then smoked a dipper of PCP and asked CW2 if he could hold her hand while they walked out of the building and into police custody.

After the defendant was arrested the officers entered the District Tree office and recovered the defendant's purse from the file cabinet. The purse contained an ACP .45 caliber semi-automatic pistol that was loaded with eight rounds of ammunition, a Ruger .9mm semi-automatic pistol loaded with seven rounds of ammunition , two red bull cans with false bottoms that had over an ounce of PCP inside of them and paper work with the defendant's name on it. There are no firearm or ammunition manufacturers in the District of Columbia.

      A criminal history check of Defendant Heard through the National Crime Information Center (NCIC) confirmed that the defendant has a prior felony conviction in the Superior Court for the District of Columbia for Possession with Intent to Distribute Heroin and Carrying a Pistol Without a License, case number 2008 CF2 002865. On September 3, 2008, nuc pro tunc to June 11, 2008, the defendant was sentenced to thirty (30) months of confinement and twelve (12) months of confinement respectively, execution of sentence was suspended.  Therefore, the defendant was aware at the time of his arrest in this case that he had a prior conviction for a crime punishable by more than one year.

_____
SPECIAL AGENT ERIK POTRAFKA
FEDERAL BUREAU OF INVESTIGATION

*Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 4th day of June, 2020.*

_____
ROBIN M. MERIWEATHER
U.S. MAGISTRATE JUDGE